# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

DEBRA EATON,                )
                                       )
               Plaintiff,      )
                                       )
v.                                    )  No. 09-0685-CV-W-FJG-SSA
                                       )
MICHAEL J. ASTRUE,     )
Commissioner, Social Security    )
Administration              )
                                       )
               Defendant.    )

# ORDER

This is a proceeding under Title II of the Social Security Act and for supplemental security income benefits under Title XVI.  42 U.S.C. §§ 401 et seq.  and 1381 et seq. Plaintiff's application was denied initially.  Thereafter, plaintiff requested an administrative hearing.  On May 20, 2008, following a hearing, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act.  On July 15, 2009, after considering additional evidence, the Appeals Council denied plaintiff's request for review.  Thus, the decision of the ALJ stands as the final decision of the Commissioner.  The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we

consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006), citing, McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000). "When the Appeals Council has considered new and material evidence and declined review, we must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence." Kitts v. Apfel, 204 F.3d 785, 786 (8th Cir. 2000) citing Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995). In Cannon v. Astrue, Civil No. 09-6041, 2010 WL 1995611, *2 (W.D.Ark. May 13, 2010), the Court stated:

However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir. 1997).

Plaintiff argues that the ALJ erred in misstating facts and mischaracterizing other evidence in the record. Specifically, plaintiff notes that the ALJ stated that she had not been referred to a pain clinic, when in fact she had been seen at the Headache & Pain Center on numerous occasions. Secondly, plaintiff states that the ALJ stated that she had not used a TENS unit, when in fact plaintiff had a spinal cord stimulator implanted in her spine to relieve her pain. Plaintiff also notes that the ALJ improperly stated that a state agency employee who reviewed her records was a medical consultant, when in fact this employee was only a disability examiner. Plaintiff also argues that the ALJ improperly discounted the opinion of Dr. Gary Horner who performed a consultative

examination of the plaintiff and also improperly stated that plaintiff had not been cooperative in the testing performed by Dr. Norman McCarthy. Plaintiff states that due to these errors, she has been denied proper consideration of her claim and requests that the case be reversed and remanded for a proper determination.

On June 12, 2008, approximately three weeks after the ALJ's unfavorable decision, plaintiff submitted a Request for Review of the ALJ's decision and also submitted some additional evidence. On July 15, 2009, the Appeals Council issued an order stating that it had received additional evidence which it was making part of the record. The additional evidence consisted of twenty-four pages of records from the Lafayette Regional Health Center, dated August 5, 2008 - April 9, 2009. These additional records reflect that on April 9, 2009, plaintiff was admitted to the hospital after suffering a seizure. The records also indicate that the plaintiff's husband produced a suicide note and stated that plaintiff had taken an unspecified amount of medication to commit suicide. The medical record stated, "[t]he patient is well known to us has longstanding history of bipolar affective disorder and seizure disorder with previous history of suicidal attempt." (Notes from Dr. Daljett R. Singh, 4/9/09, T. 610). Additionally, there is an earlier note from Dr. Gregory A. Merritt dated August 5, 2008 which details plaintiff's past medical history as: "Anxiety, depression, bipolar affective disorder, and history of reflex sympathetic dystrophy, symptomatic cholelithiasis and lung lesion." (Notes from Dr. Gregory Merritt, 8/5/08, T. 622).

Plaintiff's counsel does not mention this additional evidence in his brief or discuss how it might have impacted the ALJ's decision. However, after consideration of this evidence, the Court finds that this additional evidence could have significantly affected

the ALJ's decision. In his opinion, the ALJ discussed a psychological evaluation that had been performed by Dr. Gary Horner on November 6, 2006. Dr. Horner diagnosed plaintiff with major depressive disorder, severe without psychosis, secondary to general medical condition and a mild anxiety disorder. He stated that "[h]er ability to sustain concentration and persistence with simple tasks is moderately impaired due to her pain and secondary depression and anxiety. Her ability to socialize is her main impairment at this time. This social withdrawal is due to her pain, depression and anxiety. She will have problems coping with changes to her social environment due to her rigid coping style." (Exh. 8-F, T. 273). However, despite this assessment the ALJ discounted Dr. Horner's opinion because he saw the plaintiff only one time and based his assessment on her complaints without any independent judgment. Additionally, the ALJ noted that plaintiff had not sought psychiatric treatment and did not testify at the hearing that she was limited by mental illness.

However, from Dr. Singh and Dr. Merritt's records, it appears that plaintiff has had a long-standing history of bi-polar affective disorder. Additionally, plaintiff did note during the hearing that she suffered from depression, stating that she had previously had suicidal thoughts and had to change medications. She also testified that she had seen two psychiatrists in the past. The ALJ has a duty to fully and fairly develop the record so that a proper determination of disability can be made. Hood v. Astrue, No. 5:09-CV-05007-JRM, 2010 WL 231582, *9 (W.D.Ark, Jan. 13, 2010), (citing Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995)). The Court finds that if the ALJ had known of the additional evidence of plaintiff's long-standing history of bi-polar disorder that he would have weighed the evidence differently or more fully developed the record with

4

regard to her mental impairment.  Accordingly, the Court finds that remand is appropriate in order for the ALJ to more fully develop the record and assess how plaintiff's mental impairments affect her residual functional capacity.  Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 5) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Date:   08/17/10           **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri       Fernando J. Gaitan, Jr.
                            Chief United States District Judge